Anthony Todaro, OSB No. 150714
E-mail: anthony.todaro@us.dlapiper.com
Jeffrey Tsai *(Application for pro hac vice forthcoming)*
E-mail: jeff.tsai@dlapiper.com
Andrew Serwin *(Application for pro hac vice forthcoming)*
E-mail: andrew.serwin@us.dlapiper.com
Eric Roberts (*Application for pro hac vice forthcoming*)
E-mail: eric.roberts@us.dlapiper.com
Haley D. Torrey (*Application for pro hac vice forthcoming*)
E-mail: haley.torrey@us.dlapiper.com
DLA PIPER LLP (US)
701 Fifth Avenue Suite 6900
Seattle, WA 98104-7029
Tel.  (206) 839-4800

*Counsel for Defendant*
*Progress Software Corporation*

# THE UNITED STATES DISTRICT COURT

# DISTRICT OF OREGON

| | |
|---|---|
| CAERY EVANGELIST, Ph.D. and BRIAN J. ELS, Ph.D., on behalf of themselves and all others similarly situated,<br><br>     Plaintiffs,<br><br> v.<br><br>STATE OF OREGON, by and through its Department of Transportation; and PROGRESS SOFTWARE CORPORATION,<br><br>     Defendants. | Case No. 6:23-cv-1532<br><br>**NOTICE OF REMOVAL** |

## NOTICE OF REMOVAL

**TO: The Judges and the Clerk of the United States District Court for the District of Oregon:**

  **PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441(a), and 1453(b), Defendant Progress Software Company ("Progress") hereby removes the state action captioned

*Caery Evangelist, Ph.D and Brian J. Els, Ph.D., on behalf of themselves and all others similarly situated v. State of Oregon, by and through its Department of Transportation; and Progress Software Corporation,* Case No. 23-cv-34800, filed in the Circuit Court of the State of Oregon for the County of Marion to the U.S. District Court for the District of Oregon.

## I. BACKGROUND

1. On August 26, 2023, Plaintiffs Caery Evangelist, Ph.D. and Brian J. Els, Ph.D. (collectively, "Plaintiffs") filed the complaint in this action against Progress in the Circuit Court of the State of Oregon for the County of Marion ("Complaint"). Pursuant to the provisions of 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Progress are attached as **Exhibit A**.

2. According to the Complaint, Plaintiffs are Oregon residents. Compl. ¶¶ 17-18.

3. Progress is incorporated under Delaware law, with a principal place of business in Massachusetts.[1] *Id.* ¶ 19.

4. In the Complaint, Plaintiffs allege that Progress "inadequate[ly] safeguard[ed] . . . Class Members' Private Information that [it] maintained" and "faile[ed] to provide timely and adequate notice to Plaintiffs and Class Members . . . ." *Id.* ¶ 11.

5. Plaintiffs assert causes of action for (i) negligence; (ii) breach of third-party beneficiary contract; (iii) unjust enrichment; (iv) violation of Oregon's Unlawful Trade Practices Act, ORS § 646.608, *et seq.* ("UTPA"); and (v) violations of the Drivers Privacy Protection Act, 18 U.S.C. § 2721, *et seq.* ("DPPA"). *Id.* ¶¶ 139-212.

---

[1] Progress does not waive any defense or arguments related to personal jurisdiction and expressly reserves such defense and arguments.

6.  Plaintiffs seek to represent a putative nationwide class consisting of "[a]ll individuals who reside in the United States whose Private Information was exposed in the Data Breach involving [the Oregon Department of Transportation ("ODOT")] and [Progress]." *Id*. ¶ 127.

7.  Plaintiffs served the Complaint on Progress on September 18, 2023. Progress has not filed a responsive pleading or otherwise responded to the Complaint in the state court action.

8.  Upon filing this Notice in this Court, Progress will file a true and correct copy of the Notice with the Clerk of the Circuit Court of the State of Oregon for the County of Marion, and will give written notice to Plaintiffs and Defendant ODOT. *See* 28 U.S.C. § 1446(d).

## II. GROUNDS FOR REMOVAL

9.  A notice of removal "need not contain evidentiary submissions," *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 551 (2014); *see also Janis v. Health Net Inc. of Cal.*, 472 F. App'x 533, 534 (9th Cir. 2012) ("Nothing in 28 U.S.C. § 1446 requires a removing defendant to attach evidence of the federal court's jurisdiction to its notice of removal."). Progress need only provide "a short and plain statement of the grounds for removal," 28 U.S.C. § 1446(a), that contains "plausible allegation[s]" that the jurisdictional requirements of CAFA are satisfied, *Dart Cherokee*, 135 S. Ct. at 554.[2]

10. In this case, as an initial matter, removal to this Court is proper because it is the "district . . . embracing the place" in which the state court action is pending. 28 U.S.C. § 1441(a).

---

[2] Progress reserves the right to provide evidence in support of jurisdiction should Plaintiffs move for remand. *See, e.g.*, *Dart Cherokee*, 135 S. Ct. at 554 (ruling that "both sides submit proof and the court decides, by a preponderance of the evidence" if plaintiff contests – following removal – that CAFA's jurisdictional requirements are satisfied).

And this Notice is timely because it has been filed within thirty (30) days of the service date (September 18, 2023).

11. Although Progress denies that Plaintiffs will ever be able to satisfy the standards for class certification, jurisdiction in this Court is appropriate under 28 U.S.C. § 1332(d), as amended by the Class Action Fairness Act of 2005 ("CAFA").

   a. <u>First, this matter involves a putative class action.</u> A lawsuit is a class action if it is filed "under rule 23 of the Federal Rules of Civil Procedure or similar State statute, or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). The instant Action is brought under Oregon Rule of Civil Procedure 32 (*see* Compl., Prayer for Relief), which was modeled after Federal Rule of Civil Procedure 23. *See Pearson v. Philip Morris, Inc.*, 358 Or. 88, 107 n.13 (2015). Plaintiffs also seek to act in a representative capacity on behalf of a class. *See, e.g,* Compl. ¶ 1.

   b. <u>Second, a member of the class of plaintiffs is a citizen of a state different from Progress ("minimum diversity").</u> CAFA's diversity requirement is satisfied so long as any putative class member is a citizen of a state different from any defendant. *See* 28 U.S.C. § 1332(d)(2). Here, Plaintiffs allege they are Oregon residents. Compl. ¶¶ 17-18. Plaintiffs further seek to represent a putative nationwide class and an Oregon subclass. *Id.* ¶ 127. By contrast, Progress is incorporated in Delaware and has its principal place of business in Massachusetts, rendering Progress a citizen of these two sates for jurisdiction purposes. *See* 28 U.S.C. § 1332(c)(1). Accordingly, minimum diversity is achieved.

   c. <u>Third, the number of proposed class members is 100 or more.</u> The number of proposed class members is 100 or more, as Plaintiffs allege that they bring the Complaint on

behalf of themselves and "***3.5 million*** other similarly situated individuals[,]" Compl. ¶ 1 (emphasis in original), and that "the Class likely consists of millions of individuals," *id.* ¶ 131.

        d.      <u>Fourth, the amount in controversy as pled exceeds $5 million in the aggregate, exclusive of interest and costs.</u> *See* 28 U.S.C. §§ 1332(d)(2), 1332(d)(5)(B), and 1332(d)(6). Without conceding that Progress is liable to Plaintiffs or any putative class member in any amount, several factors support this conclusion:

        i.      Plaintiffs seek actual, statutory, and/or nominal damages on behalf of the "millions of persons" allegedly affected nationwide by the subject incident. Compl. ¶¶ 1, 131, Prayer for Relief.

        ii.      Plaintiffs claim that they and putative class members suffered "severe emotional distress," "the loss in value of [their personal identifying information,]" "lost opportunity costs" and "future costs in terms of time, effort, and money," "lost the benefit of the bargain," and "other economic and non-economic harm" as a result of the subject incident. *Id.* ¶¶ 56, 87, 182. These nebulous concepts are unquantified in the Complaint but would further add to the damages in excess of CAFA's jurisdictional threshold. For example, with an estimated number of 3.5 million putative class members, the alleged damages per person would only need to be approximately $1.43 to exceed the $5 million threshold.

        iii.      Plaintiffs also seek injunctive relief requiring Progress to "strengthen their data security systems and monitoring procedures, conduct periodic audits of those systems, and provide lifetime credit monitoring and identity theft insurance to Plaintiffs and Class Members." *Id.* ¶ 164. Three identity-protection agencies—Equifax, LifeLock, and Experian—

advertise monthly rates for credit-monitoring services ranging from $7.50 to $24.99 per person.[3] Multiplying the cost of providing only *one year* of credit-monitoring services at $7.50 per month by the number of individuals who Plaintiffs allege were impacted by the data incident, the amount in controversy for credit monitoring would be approximately $315,000,000 (3.5 million individuals multiplied 12 months at $7.50 per month). Here, Plaintiffs seek even *more* – namely, a "lifetime" of credit monitoring. These costs alone would exceed the $5 million threshold.

      iv.  Plaintiffs also seek attorneys' fees (Compl. ¶ Prayer for Relief), which a court must include, when recoverable by statute or contract, when assessing the amount-in-controversy. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 942–43 (9th Cir. 2001). Reasonable attorneys' fees are recoverable in class actions, generally, and under the UTPA and DPPA. *See* Fed. R. Civ. P. 23. In the Ninth Circuit, 25 percent of the award has been used as a "benchmark" for attorneys' fees. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Using this benchmark here, attorneys' fees, when added to the amounts discussed above, further increase the amount in controversy for alleged liability exposure above the jurisdictional minimum for removal.

      v.  Plaintiffs seek *additional* statutory damages under the UTPA and DPPA. Compl. ¶¶ 202, 212. Under the UTPA, successful plaintiffs are entitled to recover actual damages or statutory damages of $200, whichever is greater. ORS 646.638(1). Under the DPPA, violators are liable up to $2,500 per individual. 18 U.S.C. § 2724 (b)(1). With a putative class of at least 3.5 million individuals, damages could reach up to $700 million under the UTPA and up to $8.75 billion under the DPPA.

---

[3] *See, e.g.*, https://www.equifax.com/personal/products/identity-theft-protection/ (last visited Oct. 16, 2023); https://www.lifelock.com/#planschart (last visited Oct. 16, 2023); https://www.experian.com/consumer-products/compare-identity-theft-products.html (last visited Oct. 16, 2023).

      vi.  Finally, Plaintiffs also seek punitive damages under the UTPA and DPPA. Compl. ¶¶ 202, 212. *See Gibson v. Chrysler Corp.*, 261 F.3d 927, 946 (9th Cir. 2001), *holding modified by Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546 (2005) (holding that the potential for punitive damages may still be considered for purposes of amount in controversy).

### III. CONCLUSION

WHEREFORE, having provided notice as is required by law, the above-entitled action should be removed from Marion Circuit Court to the United States District Court for the District of Oregon.

Dated: October 18, 2023       Respectfully submitted,

              DLA PIPER LLP (US)

              */s/ Anthony Todaro*
              Anthony Todaro, OSB No. 150714
              701 Fifth Avenue, Suite 6900
              Seattle, WA 9814
              Tel: 206.839.4830
              E-mail: anthony.todaro@us.dlapiper.com

              Jeffrey Tsai*
              555 Mission Street, Suite 2400
              San Francisco, California 94105
              Tel: 415.615.6055
              E-mail: jeff.tsai@us.dlapiper.com

              Andrew Serwin*
              4365 Executive Drive, Suite 1100
              San Diego, California 92121
              Tel: 858.677.1418
              E-mail: andrew.serwin@us.dlapiper.com

              Eric Roberts*
              444 West Lake Street, Suite 900
              Chicago, Illinois 60606
              Tel: 312.368.2167
              E-mail: eric.roberts@us.dlapiper.com

                    Haley D. Torrey*
                    1650 Market Street, Suite 5000
                    Philadelphia, Pennsylvania 19103
                    Tel: 215.656.2436
                    E: haley.torrey@us.dlapiper.com

*\*Applications for pro hac vice forthcoming*

*Attorneys for Defendant Progress Software Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on this 18th day of October 2023, I filed a true and correct copy of the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification of such filing to all counsel of record.

I further provided a true and correct copy of the foregoing to the following attorneys via electronic mail and USPS:

Paul B. Barton
Alex Graven
OLSEN BARTON LLC
4035 Douglas Way, Suite 200
Lake Oswego, OR 97035
Tel: (503) 468-5573
paul@olsenbarton.com
alex@olsenbarton.com

*Attorneys for Plaintiffs*

Brian Simmonds Marshall
OREGON DEPARTMENT OF JUSTICE
100 SW Market Street
Portland OR 97201
Tel: 971.673.1880
brian.s.marshall@doj.state.or.us

*Attorneys for Defendant Oregon
Department of Transportation*

                                                */s/ Paige Plassmeyer*
                                               Paige Plassmeyer, Legal Practice Specialist